UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: C&J SERVICES, INC.                           CIVIL ACTION

                                                    No. 24-2002

                                                    SECTION I

ORDER AND REASONS

Before the Court is a motion[1] for leave to file an untimely claim and for a continuance of the trial filed by the Iberville Parish Council ("IPC"). Petitioner in limitation, C&J Marine Services ("C&J"), filed a response in opposition.[2] IPC filed a reply.[3] For the reasons set forth below, the Court grants the motion in part and denied in part.

I. BACKGROUND

On June 6, 2024, the M/V JOSSET, owned and operated by C&J, and its tow of three barges allided with the Grosse Tete Bridge and thereby caused extensive damages to the bridge and accompanying structures and/or property.[4] C&J then filed this limitation of liability proceeding pursuant to 46 U.S.C. § 30529.[5] This Court set December 18, 2024 as the deadline for filing a claim in this action.[6] Notice of this proceeding was published in the The Times Picayune | The New Orleans Advocate, a newspaper of general circulation in the City of New Orleans.[7] Prior to this deadline,

---

[1] R. Doc. No. 33.
[2] R. Doc. No. 36.
[3] R. Doc. No. 40.
[4] R. Doc. No. 1, ¶¶ 4, 7.
[5] R. Doc. No. 1.
[6] R. Doc. No. 10.
[7] *Id.*

1

the Louisiana Department of Transportation and Development ("DOTD") filed a claim as the owner and operator of the Grosse Tete Bridge.[8] On January 17 2025, this Court issued an order entering a default against untimely claims and enjoining the filing of untimely claims.[9] The trial is currently scheduled for July 28, 2025.[10]

On May 16, 2025, the IPC filed a motion for leave to file an untimely claim and to continue the trial.[11] According to its proposed claim, which is attached as an exhibit to its motion, the IPC sustained damages in the form of the costs associated with ferrying passengers across the bayou on behalf of the State of Louisiana.[12] The IPC argues in its motion that it did not receive notice of this proceeding because such notice was published in New Orleans—about 100 miles away from where the allision occurred in Iberville Parish.[13]

The IPC does not argue that C&J failed to comply with the notice requirements.[14] The IPC argues that leave to file its untimely claim is appropriate because the action is pending, the rights of the parties will not be prejudiced by the filing of its claim since it is making its request only five months after the December 18 deadline to file claims and no right or liability of the parties has been determined, it did not receive actual notice through no fault of its own, and it filed the instant

---

[8] R. Doc. No. 11. The Court notes that the DOTD did not file a response in opposition to the instant motion. Accordingly, the Court considers the DOTD's failure to respond as a waiver of its assertion of prejudice.
[9] R. Doc. No. 19.
[10] R. Doc. No. 13.
[11] R. Doc. No. 33.
[12] R. Doc. No. 33-2, ¶ 8.
[13] R. Doc. No. 33-1, at 2, 4.
[14] *Id.* at 4.

motion in the same week that it learned of the pendency of this action.[15]

C&J's responses in opposition to the instant motion are twofold. First, allowing the IPC to file its claim two months before trial will greatly disrupt the litigation of this proceeding.[16] Specifically, it claims that all previously deposed witnesses may have to be deposed for a second time and additional experts may need to be hired.[17] Second, the IPC's reason for its untimeliness is insufficient.[18] C&J has complied with the notice requirements, and permitting a late filing in such a circumstance would defeat the purpose of the limitation proceeding.[19] Furthermore, the IPC's distance from New Orleans is irrelevant as news publications can be found online.[20]

## II. STANDARD OF LAW AND ANALYSIS

Supplemental Admiralty Rule F(4) provides that the Court may "enlarge the time within which claims may be filed" for "cause shown." To determine whether good cause exists to permit the filing of a late claim, a district court "should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993). District courts should "freely grant permission" to file late claims "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected." *See id.* (quoting *Tx. Gulf Sulphur Co. v. Blue Stack*

---

[15] *Id.* at 3–4.
[16] R. Doc. No. 36, at 5–7.
[17] *Id.* at. 7.
[18] *Id.*
[19] *Id.*
[20] *Id.*

*Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963)). However, the Fifth Circuit has emphasized that leave to file a late claim is not a matter of right and depends upon an equitable showing. *See id.* The decision to permit a late claim is a matter of the district court's considerable sound discretion. *See id.*; *Tx. Gulf Sulphur Co.*, 313 F.2d at 363 ("The instances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion will be, as they have been, rare indeed.").

Upon consideration of the briefing in light of the applicable factors, the Court will grant the IPC leave to file its late claim. First, this proceeding is pending, and no right or liability of a party has been determined. Accordingly, this factor weighs in favor of the IPC insofar as "there has been no final determination of liability or allocation of fault that a new claim would disrupt." *See Crescent Towing & Salvage Co. v. M/V JALMA TOPIC*, No. 21-cv-1331, 2021 WL 5919505, at *1 (E.D. La. Dec. 15, 2021) (Morgan, J.).

Second, the Court does not find that permitting the IPC to file its claim at this juncture will adversely affect the rights of the parties. In its reply, the IPC claims that it "is not asserting any theory of liability that is different from that asserted by the [DOTD]."[21] For this reason, the Court is not convinced that a significant amount of additional deposition testimony or expert testimony will be either necessary, repetitive or burdensome. The Court is mindful that additional discovery will likely be needed with respect to the IPC's damages, but limited discovery regarding damages, occurring within the two months which remain prior to trial, will cause only minimal prejudice. The Court also notes that this action has only been pending since

---

[21] R. Doc. No. 40, at 3.

August 2024, and the casualty occurred less than a year ago.

Third, the Court considers the IPC's reasons for filing a late claim. The IPC claims it never received actual notice,[22] and C&J acknowledges that it did not send the IPC notice.[23] Furthermore, the IPC states that it did not subscribe to the Times Picayune when notice was published.[24] While the Court is aware that it would not be an abuse of discretion to deny the IPC leave to file a late claim given the limited geographic remoteness between itself and where notice was published, *see In re OHT Hawk AS*, No. 21-60796, 2022 WL 1486778, at *3 (5th Cir. May 11, 2022), the Court also notes that the IPC alleges that it filed the instant motion within one week of being apprised of the same.[25] Altogether, the Court finds that the third factor conduces in favor of the IPC. *Cf. Crescent Towing*, 2021 WL 5919505, at *2 (finding that the third factor weighed in favor of permitting the movant to file a late claim where the movant did not subscribe to the newspaper in which notice was published, had no knowledge of the proceeding, and was never sent notice).

Finally, the IPC is not seeking damages for any physical damage caused by the allision that would have been discernible at the time of the allision. Rather, it is seeking damages resulting from having to transport passengers on behalf of the State of Louisiana in the wake of the allision. That fact should avoid duplication of prior discovery conducted by the DOTD regarding damage to the bridge.

For the foregoing reasons, the Court finds that equitable considerations weigh

---

[22] R. Doc. No. 33-1, at 4.
[23] R. Doc. No. 36, at 4.
[24] R. Doc. No. 40, at 2.
[25] R. Doc. No. 33-1, at 4.

in favor of granting the IPC leave to file its late claim. However, the Court will not continue the trial at his juncture, as it would be premature to do so because there is no evidence that any additional discovery could not be completed before trial. Notwithstanding, should C&J file a motion for a continuance because of the late addition of the IPC, the Court will consider entertaining a brief continuance.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to the IPC's requests for relief from default and for leave to file a late claim. The motion is **DENIED** with respect to the IPC's request to continue the trial date.

New Orleans, Louisiana, June 2, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**