**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: C&J SERVICES, INC.**                                        **CIVIL ACTION**

                                                                                          **No. 24-2002**

                                                                                          **SECTION I**

**ORDER AND REASONS**

Before the Court is a motion[1] filed by claimant-in-limitation, the Iberville Parish Council ("the IPC"), for leave to file late witness and exhibits lists and to produce expert reports and disclosures. Petitioner-in-limitation, C&J Marine Services, Inc. ("C&J"), filed a response in opposition.[2] For the reasons set forth below, the Court grants the motion.

C&J filed its petition in limitation on August 14, 2024.[3] The Court thereafter issued a scheduling order.[4] The scheduling order set April 1, 2025 as the deadline for claimants-in-limitation to exchange expert reports and expert disclosures.[5] It also set May 1, 2025 as the deadline for the parties to exchange witness and exhibit lists.[6] On June 2, 2025, the Court issued an order permitting the IPC to file a late claim in this limitation proceeding.[7]

In support of its motion for leave to file, the IPC states that C&J would not be prejudiced by the Court granting the instant motion for several reasons.[8] Most significantly, the IPC seeks to adopt the same experts and expert reports as the other

---

[1] R. Doc. No. 51.
[2] R. Doc. No. 53.
[3] R. Doc. No. 1.
[4] R. Doc. No. 13.
[5] *Id.* at 2.
[6] *Id.* at 2.
[7] R. Doc. No. 41.
[8] R. Doc. No. 51-1, at 4–5.

1

claimant in this action.[9] In addition, the IPC only named two witnesses (Randall Dunn and Christopher Daigle) on its witness list that were not listed by any other party.[10] Both witnesses are designated to testify to the IPC's damages.[11]

Federal Rule of Civil Procedure 16(b)(4) allows a scheduling order to be modified only for "good cause." Four factors are relevant for determining whether there is good cause to excuse a party's failure to comply with the scheduling order: (1) the explanation for the failure to comply with the scheduling order; (2) the importance of the proposed evidence; (3) potential prejudice to the opposing party; and (4) the availability of a continuance to cure such prejudice. *See U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

Upon review of the motion, the opposition, and the record, the Court finds good cause to grant the IPC leave to untimely file its witness and exhibit lists as well as to exchange its expert reports and disclosures. With respect to the first factor, the IPC has a compelling explanation because it was not a party to this case when the relevant deadlines passed. As to the second factor, the Court finds that the evidence is of great importance to the IPC. The testimony of Randall Dun and Christopher Daigle is necessary for the IPC to establish its damages.

With respect to the third factor, the Court finds that the prejudice to C&J is minimal. C&J will suffer no prejudice as to the expert material because that material is the same material that the other claimant has already provided C&J. As to the witnesses Dunn and Daigle, C&J has sufficient time to conduct two depositions relating solely to

---

[9] *Id.* at 4.
[10] R. Doc. No. 53, at 2.
[11] R. Doc. No. 48, at 1–2.

the IPC's damages. Further, C&J has not stated that it requires additional discovery in order to depose these two witnesses or that additional witnesses would be needed to respond to the IPC's two witnesses. As to the exhibit list, C&J itself acknowledges that it was provided all the exhibit material by the IPC on June 5, 2025.[12] It therefore has had significant time to review the material.

C&J also points out that the IPC did not earlier move to amend the scheduling order.[13] It argues that had the IPC earlier moved to amend the scheduling order, the Court could have set reasonable deadlines.[14] Instead, C&J argues, the IPC sat on its hands in disregard of the scheduling order for nearly a month.[15]

In the first place, the IPC did not sit idly. It produced discovery that included all of its trial exhibits within three days of being granted leave to file its untimely claim.[16] While it is true that the IPC could have moved earlier to amend the scheduling order, C&J has not shown that this omission by the IPC has caused them prejudice. Once C&J was permitted to file a late claim, it was obvious that the scheduling order would need to be amended. Conducting two depositions for which additional discovery is not needed and reviewing exhibit materials which have been in C&J's possession for nearly a month does not constitute prejudice. Furthermore, as stated, the expert reports have not changed. Accordingly, the third factor also weighs in favor of granting the IPC leave to file.

With respect to the possibility of a continuance, the Court finds that a continuance is not warranted at this juncture. C&J has sufficient time to depose two witnesses as to

---

[12] R. Doc. No. 53, at 2.
[13] *Id.* at 2–3.
[14] *Id.* at 3.
[15] *Id.* at 2–3.
[16] *Id.* at 2.

damages as well as to review the IPC's exhibit material.[17]

For the foregoing reasons,

**IT IS ORDERED** that the IPC's motion for leave to file late witness and exhibit lists is **GRANTED**.

New Orleans, Louisiana, July 7, 2025.

                                            **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**

---

[17] The Court also notes that C&J requests, in the alternative, that the Court bifurcate the liability and damages portions of the trial. *See id.* at 3. Since a formal motion for bifurcation is not before the Court, the Court need not rule on that issue. The Court is, however, disinclined to bifurcate the trial.